J-A23025-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| EDWARD C. LECKEY | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| RICHARD L. GOTTLIEB | |
| Appellee | No. 1580 WDA 2014 |

Appeal from the Order August 28, 2014
In the Court of Common Pleas of Allegheny County
Civil Division at No(s):  GD 12-22731

BEFORE:  GANTMAN, P.J., LAZARUS, J., and MUSMANNO, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED OCTOBER 20, 2015**

Edward C. Leckey appeals *pro se*[1] from the trial court's order granting summary judgment[2] in favor of Appellee, Richard L. Gottlieb, D.M.D.  After careful review, we affirm.

_____

[1] Leckey is a licensed Pennsylvania attorney.

[2] In **Morningstar v. Hallett**, 858 A.2d 125 (Pa. Super. 2004), our Court stated:

> The standard of Pennsylvania Superior Court review of an order granting or denying a motion for summary judgment pursuant to [Pa.R.C.P.] 1035.2 is well established. In reviewing an order granting summary judgment, an appellate court must examine the record in the light most favorable to the non-moving party. We will reverse only if there has been an error of law or a clear abuse of discretion.

**Id.** at 128-29 (citations omitted).

On February 11, 2013, Leckey filed a breach of contract action against Gottlieb in connection with dental treatment he received from Gottlieb between December 2008 through April 2009. In December 2008, Gottlieb offered Leckey a treatment plan which included restoration of multiple areas of his upper arch. In his complaint, Leckey averred that he contracted with Gottlieb to "fabricate and install implants[3] throughout [Leckey's] upper mouth on posts already installed, except for three natural teeth in the upper left of [Leckey's] mouth and two other natural teeth at the far right and left-hand corners of [Leckey's] mouth, and also except for [Gottlieb] placing a cap in a tooth in the middle of [Leckey's] upper mouth." Leckey Complaint, 2/11/13, at ¶ 1. Leckey also alleged that Gottlieb advised him that the cost of the entire treatment plan would not exceed $10,000. *Id.* at ¶ 2. Due to financial constraints, Leckey voluntarily discontinued the dental work after only approximately 40% of the work, in his estimation, had been completed. *Id.* at ¶ 4. At that point, Leckey had been charged $5,055.00 for the work that had been completed.

_____

[3] Leckey later admitted that he did not understand what an implant was at the time he filed his complaint, and that, in fact, a different dentist first placed the implants in his mouth and then Gottlieb actually attached crowns to the implants' abutments. Leckey Deposition, 5/8/14, at 36. Tooth root implants are small posts made of titanium that are placed into the bone socket of a missing tooth. *See http://www.webmd.com/oral-health/guide/dental-implants*. Once the implant has bonded to the jawbone, an abutment is attached to the post to hold the new tooth. *Id.* A replacement tooth, called a crown, is then attached to the abutment. *Id.*

Leckey alleges that at that time he ceased dental work there was a gap between the first "implant,"[4] near the upper-left hand corner of his mouth, and his natural tooth. Leckey claims that food gets trapped in this area every time that he eats, that this gap should not exist, and that "there is no practicable solution to the foregoing problem arising from the gap . . . which will continue to exist . . . and create a problem for [him] whenever he eats." *Id.* at ¶ 11-10.

On March 1, 2013, Gottlieb filed preliminary objections to Leckey's complaint. The trial court overruled Gottlieb's preliminary objections and ordered Gottlieb to file an answer within thirty days from the service of a certificate of merit by Leckey. In response to the court's order, Leckey filed a certificate of merit stating:

> I, Edward C. Leckey, Plaintiff, based upon the information presently available to me, certify that expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim against this Defendant.
>
> Plaintiff hereby reserves the right to amend this Certificate after he has received a copy of Defendant's answer to the Complaint in this case.

Plaintiff's Certificate of Merit, 4/11/13.

---

[4] Although we recognize that Leckey later admitted Gottlieb actually attached crowns and not the implants in his mouth, *see supra* n.3, we will employ the language he used in his pleadings to remain consistent throughout this decision.

On June 6, 2014, Gottlieb filed a motion for summary judgment, alleging that he is entitled to relief because: (1) Leckey's claims sound in medical professional negligence and his complaint was filed beyond the statute of limitations; (2) expert testimony is required for Leckey to meet his burden of proof; and (3) Leckey cannot establish a claim for breach of contract. The trial court granted Gottlieb's motion and dismissed Leckey's complaint with prejudice, concluding that expert testimony was required for Leckey to meet his burden of proof, that by terminating treatment with Gottlieb prematurely, Leckey eliminated the possibility that Gottlieb would remedy the "gap" of which Leckey complains, and Leckey's breach of contract claim fails because he did not produce supporting evidence. Trial Court Order, 8/28/14. This appeal follows.

On appeal, Leckey presents the following issues for our consideration:

(1) Is resolution of the question whether crowns were properly installed in Appellant's mouth when the installation left a gap between the nearest crown and the adjoining natural tooth such that food particles would accumulate when eating beyond the comprehension of nonprofessional persons?

(2) Did termination of Defendant's services by Appellant because he was not financially able to continue when Defendant's charges were in excess of his estimate eliminate the possibility that Defendant would be able to remedy the gap between the two crowns Defendant had already installed in Appellant's mouth and Appellant's natural tooth?

Initially, we note that summary judgment is properly granted after the close of the relevant pleadings "whenever there is no genuine issue of any

material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report" and the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1035.2(1).

Leckey first claims that expert testimony of an appropriate licensed professional was unnecessary to prosecute his claim against Gottlieb. Specifically, he asserts that "a layperson can readily determine that no gap would exist in [his] mouth if the cap or crown installed nearest to Plaintiff's natural tooth in the upper right-hand corner of his mouth had been properly installed." Plaintiff's Brief, at 12.

First, we note that by recognizing that a certificate of merit[5] was required in this case, Leckey essentially concedes that his claim sounds in

_____

[5] Pennsylvania Rule of Civil Procedure 1042.3 applies to professional liability claims against licensed professionals where the action alleges that the professional deviated from an acceptable professional standard. Pa.R.C.P. 1042.3(a). The rule contemplates that a certificate of merit will be filed contemporaneously with or shortly after the filing of the complaint, and provides a 60-day window after the filing of the complaint to accomplish the filing of the certificate of merit. *Id.* The certificate shall state that either: (1) the professional has supplied a written statement that there exists a reasonable probability that the defendant's work fell outside the acceptable standards of professional standards that caused the harm to plaintiff; (2) the claim that the defendant deviated from the acceptable standard is based solely on allegations that other licensed professionals for whom the defendant is responsible deviated from an acceptable professional standard; or (3) **expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim**. *Id.* at (a)(1), (2), & (3).

professional negligence, not breach of contract.[6] **See** Pa.R.C.P. 1042.1-1042.8 (provisions pertaining to professional liability actions). The substance of the allegations in Leckey's complaint and other pleadings clearly are characteristic of a professional negligence action. **See** Plaintiff's Complaint, at ¶ 9 (emphasis added) (Leckey avers that gap between his natural tooth and implant constructed by Gottlieb "should not exist and would not exist if the implant were placed *as it should have been* next to the natural tooth."); Plaintiff's Response to Defendant's Preliminary Objections, 3/21/13, at 3 (Leckey states "Plaintiff anticipated that Defendant's services would be performed with 'the reasonable skill and diligence as is ordinarily exercised in [the dental] profession[.]'").

Finally, and most telling about the basis of his action, is the following exchange between defense counsel and Leckey at his deposition:

Q:   So if I'm hearing you right today, you're alleging that Dr. Gottlieb didn't perform the work with respect to this particular area around tooth no. 13 or 14 –

A:  That's correct.

Q:  -- competently?

_____

[6] In his deposition, Leckey claims that he and Gottlieb entered into an oral contract to include the agreed-upon dental services at an estimated $10,000 in cost. Leckey Deposition, 5/8/14, at 68. However, the essence of this claim is one of professional negligence, not breach of contract merely because a dentist and his patient discussed a treatment plan. 40 P.S. §1303.105 ("[i]n the absence of a special contract in writing, a health care provider is neither a warrantor nor guarantor of a cure.").

A: That's correct.

* * *

Q: The damages that you've told me about today are the result of what you've referred to in some of your filings and maybe even your Complaint as incompetent treatment; correct?

A: That's correct.

* * *

Q: You're alleging, if I'm understanding you, is that what, he placed that incompetently?

A: Yes.

Leckey Deposition, 5/8/14, at 63-64, 69.

Having determined that Leckey's claim is one of professional negligence, we must now determine whether expert testimony was required in order prove his claim. After reviewing the record and relevant case law, we find Leckey's claim is not "so simple, and the lack of skill or want of care so obvious as to be within the range of ordinary experience and comprehension of even non[-]professional persons." *Brannan v. Lankenau Hosp.*, 417 A.2d 196, 201 (Pa. 1980). While Leckey asserts that his dental problem results from a simple "gap" between his teeth, the actual dental work performed by Gottlieb that allegedly caused this gap involves a complicated process. Specifically, the work required in order to prepare a mouth for dental implants and the attachment of the replacement teeth is not something that is in the general knowledge of fact finders. Thus, we agree with the trial court that Leckey was required to produce a certificate of merit to show that Gottlieb's work failed to conform to a standard of care

within his profession. ***See Yee v. Roberts***, (Pa. Super. 2005) (because negligence of physician often encompasses matters not within ordinary knowledge and experience of laypersons, medical malpractice plaintiff must present expert testimony to establish applicable standard of care, deviation from standard, causation and the extent of injury).[7]

Because Leckey did not file his professional negligence action within the time required by the statute of limitations, ***see*** 42 Pa.C.S. § 5524, the court properly granted summary judgment in favor of Gottlieb.

Order affirmed.[8]

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

_____

[7] Even though Leckey may have incorrectly believed that an expert was unnecessary to prosecute his claim, it does not change that fact that he did indeed file a certificate of merit under section 1042.3(a)(3) which satisfies Pennsylvania's certificate of merit requirement. However, in the event that an attorney certifies under Rule 1042.3(a)(3) that an expert is unnecessary for prosecution of the claim, the attorney is typically bound by the certification and, subsequently, the trial court shall preclude the plaintiff from presenting testimony by an expert on the questions of standard of care and causation. Pa.R.C.P. 1042.3(a)(3) (Note).

[8] Having determined that the trial court's order is properly affirmed based on the statute of limitations, we need not reach Leckey's second issue on appeal.

Date: <u>10/20/2015</u>